IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT JOHN SUMMERVILLE            *
              Plaintiff,
     v.                              *   CIVIL ACTION NO. DKC-07-291

WASHINGTON COUNTY DETENTION       *
  CENTER
            Defendant.            *
                       ***

## MEMORANDUM

Procedural History

On February 1, 2007, the court received a 42 U.S.C. § 1983 complaint from Robert Summerville, a prisoner at the Washington County Detention Center ("WCDC") in Hagerstown, Maryland, dated January 28, 2007.[1]   Plaintiff complains that mental health staff at WCDC are refusing to provide him medication despite his long history of bipolar, attention deficit, post-traumatic stress, and borderline personality disorders.   Paper No. 1.   He states that mental health staff have his records from two state institutions and have placed him on medication before, but now refuse to do so.   *Id*.   WCDC is the only named Defendant.

On March 8, 2007, WCDC filed a Motion to Dismiss, primarily asserting that the Complaint is subject to dismissal because (1) Plaintiff's allegations of medical negligence, if true, do not comprise a claim under 42 U.S.C. § 1983;[2] (2) WCDC is not a person within the meaning of 42

---

[1]   According to the Maryland Judiciary Case docket, it appears that Plaintiff is serving a one-year sentence for theft under $500.00, imposed in the Circuit Court for Washington County in December of 2006.  *See State v. Summerville*, Criminal No. 21K06038286.  Apparently that same court also issued a violation of probation warrant for Plaintiff's arrest in January of 2007, and he is awaiting a violation of probation hearing currently scheduled for April 26, 2007. *See State v. Summerville*, Criminal No. 21K04033330.

[2]   WCDC also argues that any attempt to pursue a medical malpractice claim must be dismissed for the failure to submit to mandatory arbitration under the Maryland Health Claims Arbitration Act.

U.S.C. § 1983; and (3) Plaintiff has failed to satisfy exhaustion requirements under 42 U.S.C. § 1997e(a).  Paper No. 8.  On March 23, 2007, Plaintiff submitted a Memorandum in support of his claims.  Paper No. 11.  The case is ready for review.  Oral hearing is unnecessary.

Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Analysis

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D.

2

Va.1999) (regional jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ( claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit).  Inasmuch as Defendant WCDC is presumably a building, it is an inanimate object not subject to suit under § 1983.

Further, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006).  Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s).  *See Jones v. Bock*, 127 S.Ct. 910, 919-22 (2007);  *Anderson v. XYZ Correctional Health Services, Inc*., 407 F.2d 674, 682 (4th Cir. 2005).

WCDC asserts, through the affidavit of Major Van Evans, the Warden of WCDC, that although Plaintiff filed a grievance pursuant to WCDC policy, he did not exhaust the grievance process by filing an appeal to the WCDC Warden as provided for under WCDC Inmate Grievance Procedure Section 36.   Paper No. 8, Exs. 1 & 2; Ex. 3 at Evans Decl.

3

This Complaint falls under the exhaustion prerequisites of § 1997e(a), and Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that prison officials have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam).

Plaintiff acknowledges that he has not exhausted his remedies.   He claims that he did not receive a rule book when "processed back to population....therefore how would I know to exhaust any procedure."  Paper No. 11.   He further states that as he has filed grievances at WCDC in the past and failed to receive a reply, he thought he would not receive a response this time.  *Id*.  He claims that he wrote multiple request slips to the first sergeant and warden with no response.  *Id*.

The requirement for exhaustion of administrative remedies can be either statutorily or judicially imposed.   Statutory exhaustion requirements are mandatory, while the judicial, or common-law, exhaustion doctrine is discretionary and includes a number of exceptions.  *See Beharry v. Ashcroft*, 329 F.3d 51, 56-57 (2[d] Cir. 2003).  In *Booth v. Churner*, 532 U.S. 731 (2001) the Supreme Court expressly found that Congress had statutorily mandated exhaustion under 42 U.S.C. § 1997e(a) and "we will not read futility or other exceptions into statutory exhaustion requirements...." *Id*. at 741.

Plaintiff acknowledges that this is not his first incarceration at WCDC.   The court therefore finds his claims of ignorance of the WCDC remedy procedure unavailing.   Further, in light of Supreme Court opinion, his veiled futility argument carries no weight.

Conclusion

Because the Complaint fails to name a "person" subject to liability under § 1983 and does not satisfy § 1997e(a) exhaustion requirements, Defendant's Motion to Dismiss shall be granted. Plaintiff's underlying medical claim, however, shall be dismissed without prejudice.[3]  A separate Order follows.


Date: March 29, 2007                              _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge

---

[3]      In response, Plaintiff claims for the first time that: he was taken off Prozac and Lithium by a WCDC physician in December of 2006; he has received two psychological evaluations while at WCDC; and he has suicidal thoughts.  Paper No. 11.  Plaintiff may re-file a § 1983 complaint, naming the appropriate parties and raising those allegations, after exhausting his administrative remedies at WCDC.  In light of Plaintiff's eleventh-hour allegations concerning suicidal ideation, however, the court shall require counsel for Defendant to provide a status report regarding Plaintiff's mental health.